DAMALI A. TAYLOR (S.B. #262489)
dtaylor@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, California 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

DAWN SESTITO (S.B. #214011)
dsestito@omm.com
JENNIFER D. CARDELUS (S.B. #287876)
jcardelus@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

Attorneys for Defendant
AIRBNB, INC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALOMES MONIK RENGIFO JACKSON and JONATHAN ANTISTIAN RENGIFO JACKSON, as Co-Personal Representatives of the Estate of GISELLE ANTISTIANA JACKSON RENGIFO, deceased; CATHERINE JACKSON, individually; and ANTISTENES RENGIFO ESTUPINAN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>AIRBNB, INC., a Delaware Corporation; SNAP, INC., a Delaware corporation, d/b/a in California as Snapchat, Inc.; and DOES 1-25,<br><br>Defendants. | Case No.<br><br>**DEFENDANT AIRBNB, INC.'S NOTICE OF REMOVAL** |

## DEFENDANT AIRBNB, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Airbnb, Inc. hereby gives notice of removal of this action, captioned *Salomes Monik Rengifo Jackson et al. v. Airbnb, Inc. et al.*, bearing temporary case number E314718438, from the Los Angeles Superior Court to the United States District Court for the Central District of California. Pursuant to 28 U.S.C. § 1446(a), Defendant Airbnb, Inc. provides the following statement of the grounds for removal:

## BACKGROUND

1. On May 5, 2022, Plaintiffs Salomes Monik Rengifo Jackson and Jonathan Antistian Rengifo Jackson, as Co-Personal Representatives of the Estate of Giselle Antistiana Jackson Rengifo (the "Estate"); Catherine Jackson ("Jackson"); and Antistenes Rengifo Estupinan ("Rengifo Estupinan") filed a Complaint in the Los Angeles Superior Court against Airbnb, Inc. ("Airbnb"); Snap, Inc. ("Snap"); and Does 1-25. A copy of the Complaint as obtained by Airbnb via Courthouse News Service is attached hereto as **Exhibit 1.**

2. Defendants have not yet been served in this matter. A copy of the state court docket is not yet available from the courthouse but will be filed after it becomes available.

## VENUE AND JURISDICTION

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the Los Angeles Superior Court, where the Complaint was filed, is a state court within the Central District of California.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiffs and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**I.  THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFFS AND DEFENDANTS.**

5. There is complete diversity of citizenship here because Plaintiffs are citizens of Florida and Colombia, respectively, and Defendants are citizens of California and Delaware. The diversity requirement is satisfied where, as here, an action "is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

**A.  Plaintiffs Are Citizens of Florida and Colombia, Respectively.**

6. For purposes of diversity jurisdiction, the personal representative of an estate has the same citizenship of the decedent. 28 U.S.C. § 1332(c)(2).

7. On information and belief, decedent Giselle Antistiana Jackson Rengifo was domiciled in and therefore a citizen of Florida. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (in notice of removal, "a defendant's

allegations of citizenship may be based solely on information and belief"); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (permitting pleading of citizenship on information and belief).

8. On information and belief, Jackson is domiciled in and therefore a citizen of Florida.

9. On information and belief, Rengifo Estupinan is a citizen and domiciliary of Colombia.

**B. Defendants Are Citizens of California and Delaware.**

10. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Airbnb is a Delaware corporation with its principal place of business in California. Compl. at 1; *id.* ¶ 5. Therefore, Airbnb is a citizen of California and Delaware.

12. Snap is a Delaware corporation with its principal place of business in California. Compl. at 1; *id.* ¶ 6. Therefore, Snap is a citizen of California and Delaware.

**II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a

defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citation omitted).

14. Here, Plaintiffs seek compensatory and punitive damages arising out of the shooting death of decedent Giselle Antistiana Jackson Rengifo, who died at age 17 at the hands of another teenager. Compl. ¶ 9; *id*. at 16-17. The Complaint alleges that her death was preventable and foreseeable, *id*. ¶ 10, and that Defendants' conduct "actually and proximately caused the tragic and untimely death of Giselle Jackson Rengifo, and actually and proximately caused Plaintiff [Rengifo Estupinan] and Plaintiff [Jackson] the loss of their minor daughter," *id*. ¶ 56.

15. The Estate prays for, inter alia:

   a. The loss or damage that decedent Giselle Jackson Rengifo would have sustained or incurred prior to the death, physical pain and suffering, and emotional pain and suffering;
   b. The penalties or punitive or exemplary damages that the decedent Giselle Jackson Rengifo would have been entitled to recover had the decedent lived;
   c. Medical bills and funeral expenses and burial expenses;
   d. Loss of earnings and loss of prospective net accumulations; [and]
   e. Any and all costs and attorneys' fees . . . recoverable by law.

Compl. ¶ 57.

16. Jackson and Rengifo Estupinan pray for, inter alia:

   a. The financial support that Giselle Jackson Rengifo would have contributed to the family during her life expectancy;
   b. The . . . loss of gifts or benefits that Plaintiffs would have expected to receive from decedent;
   c. Funeral and burial expenses;
   d. The reasonable value of household services that Giselle Antistiana Jackson Rengifo would have provided;
   e. The loss of Giselle Antistiana Jackson Rengifo's love, companionship, comfort, care, assistance, protection, affection, society, moral support;
   f. The loss of Giselle Antistiana Jackson Rengifo's training and guidance; [and]
   g. Any and all costs and attorneys' fees . . . recoverable by law.

Compl. ¶ 58.

17. In a wrongful death action such as this one—especially given that, tragically, the decedent was a minor child—"judicial experience and common sense dictate that the value of [Plaintiffs'] claims (as pled) more likely than not exceeds the minimum jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1066 (11th Cir. 2010). Were Plaintiffs to prevail on their claims, they would recover in excess of $75,000.

### III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

#### A. The Notice of Removal Is Timely.

18. This Notice of Removal is timely filed. Defendants have not yet been served in this matter, and indeed this Notice of Removal was filed within one day of the initial Complaint. *See* 28 U.S.C. § 1446(b)(1).

**B.     All Properly Joined and Served Defendants Consent to Removal.**

19.    For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

20.    On information and belief, Snap has not yet been properly served. Because Snap has not been properly served, its consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

21.    By filing this Notice of Removal, Airbnb does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Airbnb requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

**C.     Notice of Removal**

22.    Pursuant to 28 U.S.C. § 1446(d), Airbnb will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

## **CONCLUSION**

WHEREFORE, Airbnb hereby removes this action from the Los Angeles Superior Court to the United States District Court for the Central District of California

| | |
|---|---|
| Dated: May 6, 2022 | DAMALI A. TAYLOR<br>DAWN SESTITO<br>JENNIFER D. CARDELUS<br>O'MELVENY & MYERS LLP |
| | By: _/s/ Damali A. Taylor_<br>        Damali A. Taylor |
| | Attorneys for Defendant Airbnb, Inc. |